UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHAMECA L. BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:09-CV-227 |
| v. | ) |
| | ) Collier/Carter |
| MICHAEL J. ASTRUE | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## **M E M O R A N D U M**

Plaintiff Shameca Burt ("Plaintiff") brought this action on August 31, 2009, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 413(i), 423, and 1382. The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 11) and Defendant's motion for summary judgment (Court File No. 15) and the responsive brief filed by Plaintiff (Court File No. 17). The magistrate judge filed an R&R (Court File No. 18) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for summary judgment be denied (Court File No. 11), Defendant's motion for summary judgment be granted (Court File No. 15), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 19). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R.

## I. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's - review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## II. DISCUSSION

Plaintiff raises a single objection to the magistrate judge's R&R:

The Report erroneously states that Dr. Bertin Glennon's report is not part of the record before the ALJ. This report should be considered in determining whether

2

there is substantial evidence to support the ALJ decision.

(Court File No. 19, p. 1). Plaintiff herself, in the memorandum supporting her motion for summary judgment, stated Dr. Glennon's report ("the Glennon report") was not part of the record before the ALJ (Court File No. 12, p. 5). However, in her response to Defendant's motion for summary judgment, Plaintiff noted via footnote "In Plaintiff's Brief, we incorrectly state at Page 5 that the ALJ did not have the benefit of the complete report of Dr. Glennon (Tr. 736). In fact, this report . . . was in the original record and relied upon by the ALJ (Tr. 504)" (Court File No. 17, n. 3). In his R&R, the magistrate judge declined to consider Dr. Glennon's report because of the mistaken understanding the report was "not part of the record before the ALJ" (Court File No. 18, p. 20). Plaintiff's objection is essentially that, but for the magistrate judge mistakenly disregarding the Glennon report, the R&R would have rightly concluded there was not "substantial evidence" to support the ALJ's finding that Plaintiff is capable of maintaining "simple, repetitive, unskilled, entry level jobs" (Tr. 23). This Court's de novo review, then, is limited to the question of whether the Glennon report tips the balance such that there is no longer "substantial evidence" to support the ALJ's finding.

After careful consideration of the record, including the Glennon report, the Court concludes there is substantial evidence to support the finding of the ALJ. The Glennon report is dated August 12, 2002 (Tr. 736). It is titled "Parenting Report," and was occasioned by Plaintiff's loss of custody of her children (Tr. 736). The primary question the Glennon report sought to answer was "[i]s there any indication . . . which would suggest that [Plaintiff] has a mental health or personality disorder that would make it difficult to perform expected parenting tasks?" (Tr. 736). The report describes Plaintiff's attitude as "distant," her affect as "angry and resentful," and her speech as "generally

coherent" (Tr. 739). Plaintiff "showed no formal thought disorder," and "her judgment was adequate" (Tr. 739).

The Glennon report indicates Plaintiff was "very concerned about her impression and propriety," and may therefore not be wholly reliable:

> Her SDE: an indicator of self deception, while expressing positive self esteem, coupled with poor interpersonal awareness; was extremely high. The combination of these two scores suggests [Plaintiff] may not be reliable in her self reports.

(Tr. 740). The report also identifies and describes Plaintiff's "antisocial personality disorder":

> The antisocial personality disorder is characterized by failure to avoid behaviors that are likely to lead to arrest, irritability and aggressiveness as indicated by physical fights, a lack of remorse and continued excuses and explanation of behaviors that lead to harm against others.

(Tr. 742). However, the Glennon report distinguishes Plaintiff's antisocial personality disorder from a mental health condition, stating "[Plaintiff] does not show any indications of a mental health condition. There are clear indications of a personality style that will cause problems. [Plaintiff] would do well to have some cognitive behavioral training to help her to adapt to her personality style" (Tr. 741).

The Glennon report is focused on Plaintiff's suitability as a parent; it does not attempt to answer whether Plaintiff is capable of maintaining "simple, repetitive, unskilled, entry level jobs" (Tr. 23). Although the report describes a personality disorder that may cause workplace problems,[1] it does not tip the balance away from finding the ALJ's judgment is supported by "substantial evidence." In fact, the ALJ explicitly considered Plaintiff's antisocial personality disorder, and

---

[1] ". . . failure to avoid behaviors that are likely to lead to arrest, irritability and aggressiveness . . . a lack of remorse and continued excuses and explanations of behaviors that lead to harm against others" (Tr.742).

4

accommodated it with a "residual functional capacity" designed to take her personality disorder into account (Tr. 23). Furthermore, the 2002 Glennon report was only one of a variety of pieces of evidence considered by the ALJ. The ALJ also had before him evidence Plaintiff was working 25 hours per week as a janitor as of 2007, "attends church, rides public transportation . . . [does] laundry, grocery shop[s], cook[s] and washe[s] dishes" (Tr. 24). While it is true the Glennon report suggests Plaintiff's self reports may not be wholly reliable due to her desire to come off favorably, the ALJ relied much more upon medical reports and objective indicators than upon Plaintiff's self reports (Tr. 24-26, 560). The proper inquiry for this Court is not whether there is evidence which could support Plaintiff's position, *see Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971), but whether there is evidence a reasonable mind might accept to support the ALJ's conclusion, *see Perales*, 402 U.S. at 401. Here, the full array of evidence before the ALJ, Glennon report included, amply supports the ALJ's finding "there are [simple, repetitive, unskilled, entry level] jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" (Tr. 23, 27). Accordingly, the Court finds Plaintiff's objection is not well taken, as consideration of the Glennon report does not affect the magistrate judge's conclusion there is "substantial evidence" to support the decision of the ALJ.

### III.  CONCLUSION

The Court has considered Plaintiff's objection after its complete review of the record, and has found it without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 18). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 11), and will **GRANT** Defendant's motion for summary judgment (Court File No.

5

15). The Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**